# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 18-12663 EEB |
| MCC & SERVICES, LLC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| DANIEL A. HEPNER, | ) | Adv. Proc. No. 19-01151 EEB |
| chapter 7 trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BIDAL MEZA-ESPINO and JANNET, | ) | |
| Y. ESPINOZA, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO APPROVE STIPULATION FOR SALE OF PROPERTY

Plaintiff Daniel A. Hepner, chapter 7 trustee ("Trustee"), by and through his undersigned counsel, hereby submits the following Motion to Approve Stipulation for Sale of Property ("Motion"), and in support thereof states as follows:

*Background*

1.  MCC & Services, LLC (the "Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on April 3, 2018 (the "Petition Date").

2.  Daniel A. Hepner is the duly appointed trustee (the "Trustee") of the Debtor's chapter 7 bankruptcy estate ("Estate").

3.  On June 12, 2019, Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding"). In the Adversary Proceeding, Trustee asserts that Debtor's pre-petition conveyance of its one-third interest in real property with the address of 410 12th Street, Greeley, Colorado 80631 (the "Property") to Bidal Meza-Espino and Jannet Y. Espinoza (together, the "Defendants") is avoidable and may be preserved and recovered pursuant to 11 U.S.C. §§ 548, 550 and 551, and that Trustee may sell both the Estate's and Defendants' interests in the Property pursuant to 11 U.S.C. § 363(h).

4.  On June 13, 2019, Trustee filed a Notice of Lis Pendens against the Property with

the Clerk and Recorder for Weld County, Colorado, at Reception No. 4497144.

5. Initially unknown to Trustee, Defendants hired a realtor to market and sell the Property. On or about June 17, 2019, Defendants entered into a Contract to Buy and Sell Real Estate (the "Contract") wherein they agreed to sell the Property to Maria Elena Vallejo and Rosa Mora De Vallejo (together, the "Buyers") for $270,000. The estimated net proceeds from the sale of the Property are approximately $79,000 after payment of liens, brokers' commissions, property taxes, and ordinary and customary closing costs. Trustee believes that the purchase price for the Property represents the market value of the Property.

6. Trustee subsequently learned of the Contract for the sale of the Property. Trustee asserts that, because of the Notice of Lis Pendens and Trustee's bona fide claims to the Property, absent his consent to the sale, Buyers will not be cloaked in the rights of bona fide purchasers for value without notice of Trustee's interests in the Property.

7. Defendants dispute Trustee's claims asserted in the Adversary Proceeding.

*Stipulation*

8. After discussions, and in an effort to preserve value in the Property by effectuating the sale to the Buyers, Trustee and Defendants entered into the Stipulation for Sale of Property (the "Stipulation"), which is attached hereto as Exhibit A. The Stipulation provides, in part, as follows:

   a. Bankruptcy Court Approval. The Stipulation is subject to and shall not become effective until it is approved by written order of the United States Bankruptcy Court for the District of Colorado (the "Bankruptcy Court"). If the Bankruptcy Court fails to enter an order approving the material terms of the Stipulation, the Stipulation shall be null and void and have no further force and effect.

   b. Sale of Property. Trustee consents to Defendants' sale of the Property to Buyers pursuant to the terms and conditions contained in the Stipulation. Trustee and Defendants agree to execute and deliver all necessary documents that may be reasonably required for Defendants to close the sale of the Property.

   c. Arm's Length Transaction. Defendants warrant and represent that the sale of the Property to the Buyers is an arm's length transaction. Specifically, and without limitation, the Defendants represent and warrant that Defendants and Buyers do not have a confidential relationship, they are not relatives, they do not have a business relationship other than the Contract, they have substantially equal bargaining power, and they are not colluding.

   d. Treatment of Proceeds. At the closing of the sale of the Property, Defendants are authorized to pay the amounts set forth in the Estimated Seller Settlement Statement, which is attached to the Stipulation as Exhibit 1. The amount set forth in the "Due to Seller" line of Exhibit 1 is defined as the "Net Proceeds." The Net

    Proceeds may vary so long as they are no less than $79,000. If the Net Proceeds are less than $79,000, Trustee may, in his sole discretion, terminate this Stipulation without penalty or recourse by Defendants. The Net Proceeds shall be held in escrow by Unified Title Company of Northern Colorado, LLC (the "Title Company") until entry of an order of the Bankruptcy Court authorizing disbursement of the Net Proceeds. If the Title Company refuses to escrow the Net Proceeds, then the Net Proceeds shall be deposited into the Registry of the Bankruptcy Court and only disbursed by order of the Bankruptcy Court. Any order authorizing the disbursement of the Net Proceeds, whether it be disbursement from the Title Company or the Registry of the Bankruptcy Court, shall be preceded by a motion and at least fourteen (14) days' notice to the parties to this Stipulation or such longer period as required by the Federal Rules of Bankruptcy Procedure and the Bankruptcy Court's Local Bankruptcy Rules.

    e. <u>Reservation of Rights</u>. Nothing in the Stipulation shall be construed as a compromise, release, or waiver of the parties' claims, rights, remedies and defenses, all of which are expressly reserved.

    f. <u>Failure to Close</u>. Should the Buyers terminate the Contract or the sale of the Property otherwise fail to close, the Stipulation shall be null and void and have no further force and effect.

9. In the event the summary of the Stipulation in this Motion conflicts with the terms and conditions of the Stipulation, the Stipulation shall control.

*Relief Requested*

10. Trustee seeks entry of an order approving the Stipulation. Trustee believes that sale of the Property is in the best interest of the parties in the Adversary Proceeding. The Stipulation avoids the risk of the Buyers cancelling the Contract and avoids the continued accrual of expenses associated with preserving the Property pending resolution of the Adversary Proceeding. Furthermore, the Stipulation provides for an available source of funds for payment of the claims asserted by the Trustee in the Adversary Proceeding.

11. Notice of this Motion is not required under either Fed.R.Bankr.P. 2002 or 9019. Rule 2002 is not applicable because the Property is not property of the Estate. Rule 9019 is not applicable because no claims are being compromised. Instead, the Stipulation allows the sale of the Property, preservation of the Net Proceeds pending resolution of the Adversary Proceeding, and reserves the respective parties' rights and remedies.

WHEREFORE, Trustee respectfully requests the Court issue an order approving the Stipulation, adopting it as an order of this Court, and for any further relief as this honorable Court appears just and proper.

Dated this 13th day of August, 2019.

                Respectfully submitted,

                WADSWORTH GARBER WARNER CONRARDY, P.C.

                */s/ Aaron J. Conrardy*
                Aaron J. Conrardy, #40030
                2580 West Main Street, Suite 200
                Littleton, Colorado 80120
                303-296-1999 / 303-296-7600 FAX
                aconrardy@wgwc-law.com
                *Attorneys for Plaintiff Daniel A. Hepner, chapter 7 trustee*