UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re:<br><br>MCC & SERVICES, LLC,<br><br>                    Debtor. | ) ) ) ) ) ) ) | Case No. 18-12663 EEB<br>Chapter 7 |
| DANIEL A. HEPNER,<br>chapter 7 trustee,<br><br>                    Plaintiff,<br><br>v.<br><br>BIDAL MEZA-ESPINO and JANNET,<br>Y. ESPINOZA,<br><br>                  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Adv. Proc. No. 19-01151 EEB |

## STIPULATION FOR SALE OF PROPERTY

Plaintiff Daniel A. Hepner, chapter 7 trustee, and Defendants Bidal Meza-Espino and Jannet Y. Espinoza, hereby stipulate and agree as follows:

### Recitals

A.     MCC & Services, LLC (the "Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on April 3, 2018 (the "Petition Date").

B.     Daniel A. Hepner is the duly appointed trustee (the "Trustee") of the Debtor's chapter 7 bankruptcy estate ("Estate").

C.     On June 12, 2019, Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding"). In the Adversary Proceeding, Trustee asserts that Debtor's pre-petition conveyance of its one-third interest in real property with the address of 410 12th Street, Greeley, Colorado 80631 (the "Property") to Bidal Meza-Espino and Jannet Y. Espinoza (together, the "Defendants") is avoidable and may be preserved and recovered pursuant to 11 U.S.C. §§ 548, 550 and 551, and that Trustee may sell both the Estate's and Defendants' interests in the Property pursuant to 11 U.S.C. § 363(h).

D.     On June 13, 2019, Trustee filed a Notice of Lis Pendens against the Property with

1

EXHIBIT A

the Clerk and Recorder for Weld County, Colorado, at Reception No. 4497144.

E.  Initially unknown to Trustee, Defendants hired a realter to market and sell the Property. On or about June 17, 2019, Defendants entered into a Contract to Buy and Sell Real Estate (the "Contract") wherein they agreed to sell the Property to Maria Elena Vallejo and Rosa Mora De Vallejo (together, the "Buyers") for $270,000. The estimated net proceeds from the sale of the Property are approximately $79,000 after payment of liens, brokers' commissions, property taxes, and ordinary and customary closing costs. Trustee believes that the purchase price for the Property represents the market value of the Property.

F.  Trustee subsequently learned of the Contract for the sale of the Property. Trustee asserts that, because of the Notice of Lis Pendens and Trustee's bona fide claims to the Property, absent his consent to the sale, Buyers will not be cloaked in the rights of bona fide purchasers for value without notice of Trustee's interests in the Property.

G.  Defendants dispute Trustee's claims asserted in the Adversary Proceeding.

H.  After discussions, and in an effort to preserve value in the Property by effectuating the sale to the Buyers, Trustee and Defendants enter into this Stipulation for Sale of Property (the "Stipulation"), pursuant to the terms and conditions set forth below.

## Stipulation

NOW THEREFORE, in consideration of the foregoing and the agreements, promises and covenants set forth below, and for other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

1.  **Bankruptcy Court Approval.** This Stipulation is subject to and shall not become effective until it is approved by written order of the United States Bankruptcy Court for the District of Colorado (the "Bankruptcy Court"). Upon execution and delivery of this Stipulation, Trustee's counsel shall prepare and file a motion seeking Bankruptcy Court approval of this Stipulation. If the Bankruptcy Court fails to enter an order approving the material terms of this Stipulation, this Stipulation shall be null and void and have no further force and effect.

2.  **Sale of Property.** Trustee consents to Defendants' sale of the Property to Buyers pursuant to the terms and conditions contained in this Stipulation. Trustee and Defendants agree to execute and deliver all necessary documents that may be reasonably required for Defendants to close the sale of the Property.

3.  **Arm's Length Transaction.** Defendants warrant and represent that the sale of the Property to the Buyers is an arm's length transaction. Specifically, and without limitation, the Defendants represent and warrant that Defendants and Buyers do not have a confidential relationship, they are not relatives, they do not have a business relationship other than the Contract, they have substantially equal bargaining power, and they are not colluding.

4. **Treatment of Proceeds**. At the closing of the sale of the Property, Defendants are authorized to pay the amounts set forth in the Estimated Seller Settlement Statement, which is attached hereto as Exhibit 1. The amount set forth in the "Due to Seller" line of Exhibit 1 is defined as the "Net Proceeds." The Net Proceeds may vary so long as they are no less than $79,000. If the Net Proceeds are less than $79,000, Trustee may, in his sole discretion, terminate this Stipulation without penalty or recourse by Defendants. The Net Proceeds shall be held in escrow by Unified Title Company of Northern Colorado, LLC (the "Title Company") until entry of an order of the Bankruptcy Court authorizing disbursement of the Net Proceeds. If the Title Company refuses to escrow the Net Proceeds, then the Net Proceeds shall be deposited into the Registry of the Bankruptcy Court and only disbursed by order of the Bankruptcy Court. Any order authorizing the disbursement of the Net Proceeds, whether it be disbursement from the Title Company or the Registry of the Bankruptcy Court, shall be preceded by a motion and at least fourteen (14) days' notice to the parties to this Stipulation or such longer period as required by the Federal Rules of Bankruptcy Procedure and the Bankruptcy Court's Local Bankruptcy Rules.

5. **Reservation of Rights**. Nothing herein shall be construed as a compromise, release, or waiver of the parties' claims, rights, remedies and defenses, all of which are expressly reserved.

6. **Failure to Close**. Should the Buyers terminate the Contract or the sale of the Property otherwise fails to close, this Stipulation shall be null and void and have no further force and effect.

7. **Voluntary Agreement**. The parties hereby affirm and acknowledge that they have read and reviewed the Stipulation, and that they fully understand and appreciate the meaning of each of its terms and enter into this Stipulation voluntarily.

8. **Governing Law**. This Stipulation shall be governed by and construed in accordance with the law and rules applicable in the Bankruptcy Court. Where state or substantive law other than the Bankruptcy Code controls, this Stipulation shall be governed by the substantive law of the State of Colorado, without regard to its choice of law rules.

9. **Forum**. Any controversies regarding this Stipulation shall be resolved in the Bankruptcy Court. Any action relating to, based upon, or arising from a breach of this Stipulation shall be brought only in the United States Bankruptcy Court or the United States District Court for the District of Colorado, which shall retain jurisdiction over the subject matter and parties for this purpose.

10. **Binding Nature**. This Stipulation shall inure to the benefit of, and be binding upon, the respective agents, predecessors, successors, and assigns of the parties and the Estate.

11. **Counterparts**. This Stipulation may be executed in counterparts with the same force and effect as though all signatures appeared on one original document. Facsimile signatures are binding and enforceable as if they were originals.

12. No Admission. This Stipulation is being entered into solely to sell the Property and preserve parties' claims and defenses and therefore does not represent an admission by the parties hereto of any liability with respect to the claims and/or defenses asserted or which could be asserted relating to the matters set forth in the Recitals.

13. Amendment. This Stipulation may only be amended in writing, signed by all parties to this Stipulation.

14. Headings. The headings contained in this Stipulation are for reference purposes only and shall not affect in any way the meaning or interpretation of this Stipulation.

15. Severability. If any term or other provision of this Stipulation is invalid, illegal or incapable of being enforced by any rule of law or public policy, all other conditions and provisions of this Stipulation shall nevertheless remain in full force and effect so long as the economic or legal substance of the transactions contemplated hereby is not affected in any manner adverse to any party.

16. Entire Agreement. This Stipulation constitutes the entire agreement of the parties and supersedes all prior agreements and undertaking, both written and oral, between the parties with respect to the subject matter hereof.

17. Mutual Negotiation. The parties expressly agree that this Stipulation was the product of mutual negotiation and drafting by the parties and/or their respective counsel, and should any dispute arise concerning the terms of this Stipulation, such terms shall not be construed or interpreted for or against any party as the drafter.

18. Representations of the Parties. Each person executing this Stipulation on behalf of a party represents and warrants that they are authorized and have the legal capacity to sign this Stipulation and bind the party for whom they sign.

WHEREFORE, the parties have caused this Stipulation to be executed as of the date first written below.

Daniel A. Hepner, chapter 7 trustee

Date: August 13, 2019

Bidal Meza-Espino

Date: 8/12/19

Jannet Y. Espinoza

Date: 8/12/19

4

# Unified Title Company of Northern Colorado, LLC

1275 58th Avenue, Unit C
Greeley, CO 80634
PHONE: 970-356-3551     FAX: 970-356-2063

_____

## **ESTIMATED**SELLERS SETTLEMENT STATEMENT

|  |  |
|---|---|
| SETTLEMENT DATE: July 31, 2019 | CASE NO.: 17691UTG |
| PROPERTY ADDRESS: 410 12th Street, Greeley, CO 80631 | DATE OF PRORATION: July 31, 2019 |
| SELLER: Bidal Meza-Espino and Jannet Y. Espinoza | PURCHASER: Maria Elena Vallejo Mora and Rosa Mora De Vallejo |
| LEGAL DESCRIPTION: Lot 3, Block 138, Oliver Howards, County of Weld, State of Colorado. | |

| DESCRIPTION | DEBIT | CREDIT |
|---|---|---|
| Sale Price of Property | | $270,000.00 |
| E-recording/Recording Processing Fee to eTRCO, LLC | $15.00 | |
| Real Estate Closing Fee to Unified Title Co. of Northern Colorado (Greeley) | $160.00 | |
| Record Lis Pendens Releases (2) to Weld County Clerk And Recorder | $26.00 | |
| Record Statement of Authority to Weld County Clerk And Recorder | $13.00 | |
| Title - Owner's Title Insurance to Unified Title Co. of Northern Colorado (Greeley) | $593.00 | |
| Title - OEC - Pln Lang. Endorsement to Unified Title Co. of Northern Colorado (Greeley) | $65.00 | |
| Final Water Estimate to City of Greeley Utility Billing | $500.00 | |
| 2018 Property Taxes  ($979.80 POC) | | |
| Real Estate Commission - Listing to New Horizons & Associates, Inc. | $8,100.00 | |
| Real Estate Commission - Selling to Colorado Dream Homes Realty | $8,100.00 | |
| Payoff of First Mortgage Loan | $172,000.00 | |
| County Property Taxes  1/1/2019 thru 7/30/2019 | $763.18 | |
| Sub-totals | $190,335.18 | $270,000.00 |
| Due To Seller | **$79,664.82** | |
| TOTALS | $270,000.00 | $270,000.00 |

APPROVED AND ACCEPTED

Sales or use taxes on personal property not included.  UNIFIED TITLE COMPANY OF NORTHERN COLORADO, LLC assumes no responsibility for the adjustment of special taxes or assessments unless they are shown on the Treasurer's Certificate of Taxes Due. The condition of title to the property is to be determined by reference to the title evidence provided by Seller or by personal investigation.  The above statement of settlement is approved as of the settlement date shown above and Unified Title Company of Northern Colorado, LLC is hereby authorized to disburse funds as indicated herein.

Seller                                                                                                      New Horizons & Associates, Inc.

_____                    Broker/Agent    _____
Bidal Meza-Espino                                                                               Ana Guerrero


_____                    Closing Agent   _____
Jannet Y. Espinoza                                                                             Unified Title Company of Northern Colorado, LLC

EXHIBIT 1